UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DUZER REALTY CORP.,

        Plaintiff,

  -against-

U.S. UNDERWRITERS INSURANCE COMPANY,

        Defendant,

U.S. UNDERWRITERS INSURANCE COMPANY,

        Third-Party Plaintiff,

  -against-

JUAN CARLOS BAEZ,

        Third-Party Defendant.
----------------------------------------------------------------X

**ORDER**

**12-CV-926 (NGG) (JMA)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Duzer Realty Corporation's motion to remand the case to state court. (See Docket Entry # 5.) Because the court has subject matter jurisdiction over the case, the motion is DENIED.

On January 12, 2012, Duzer Realty sued its insurer, U.S. Underwriters Insurance Company, in New York Supreme Court, Kings County. (See Ex. A to Notice of Removal (Docket Entry # 1).) In essence, Duzer sought a declaratory judgment that its insurance policy with U.S. Underwriters would cover the liability it might incur as a result of another, separate, action in which Duzer is a defendant. (See id.) That action, also pending in state court, was brought by Juan Carlos Baez for injuries sustained while working at one of Duzer's real

1

properties. (See id.; Third-Party Compl. (Docket Entry # 9).)

Alleging diversity of citizenship, U.S. Underwriters removed the case to this court on February 27, 2012. (See Notice of Removal.) U.S. Underwriters alleged that its principal place of business is in Pennsylvania (see id.), and later demonstrated that it is a North Dakota corporation (see Ex. A to Aff. of Carol Ann Myrtetus (Docket Entry # 7-1)). Duzer is a New York corporation. (See Ex. A. to Notice of Removal ¶ 1.)

On April 2, 2012, the court granted Duzer leave, nunc pro tunc, to file a motion for remand. (See Minute Entry dated Apr. 2, 2012.) On June 26, 2012, Duzer filed a supplemental affirmation in further support of its motion, which addressed the third-party complaint filed in this case by U.S. Underwriters against Baez. (See Docket Entry # 10.)

The court has reviewed the papers and concludes that Duzer's arguments for remand are without merit.

Once a defendant files a notice of removal in federal district court, the court obtains jurisdiction over "any civil action brought in State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). One font of federal subject matter jurisdiction is, of course, diversity jurisdiction. See id. § 1332(a). For the purposes of determining whether diversity exists between parties, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State by which it has its principal place of business." Id. § 1332(c)(1). "The phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1186 (2010). In terms of timing, the district court has jurisdiction over cases in which there is diversity both when the complaint is filed in state court and at the time of removal. See Jackson v. Allen, 132 U.S. 27,

2

1889 U.S. LEXIS 1837, at *13 (1889). Thus, if jurisdiction exists at the time of removal, later motion practice cannot destroy or divest it. See Saint Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292-93 (1938) (holding that the district court retained jurisdiction over a removed case even after the plaintiff amended its complaint so that it no longer complied with the amount-in-controversy requirement).

Duzer offers seven reasons why the case should be remanded to state court, all of which are deficient. First, it argues that its dealings with U.S. Underwriters were through an agent who is located in New York. (Affirmation. in Supp. of Notice of Mot. (Docket Entry # 5-1) ¶ 5(a).) This is irrelevant, however, because U.S. Underwriters' citizenship turns on the location of its principal place of business and incorporation, not the location of its agents. Second, Duzer points out that the insurance policy at issue provides that U.S. Underwriters will accept service of process through what is now the New York State Department of Financial Services. (Id. ¶ 5(b).) This is irrelevant. Where and by what means a party accepts service of process has no bearing on its citizenship. Third, Duzer identifies another provision of the insurance policy wherein U.S. Underwriters agrees to abide by the final decision of any court where it may be sued. (See id. ¶ 5(b) (quoting Ex. C to Notice of Mot. (Docket Entry # 5-4)).) The court cannot fathom how this fact could possibly relate to the issue of its jurisdiction. Fourth, Duzer claims that the action does not meet the seventy-five-thousand-dollar amount-in-controversy requirement set out in § 1332. (Id. ¶ 5(c).) But the complaint seeks a declaratory judgment that U.S. Underwriters is liable to make payments pursuant to an insurance policy that covers up to a million dollars in damages per claim. (See Notice of Removal ¶ 6.) In cases for declaratory relief, "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). Here, the object of Duzer's suit is a judicially

3

enforceable right to full indemnification for any damages it may owe Baez up to one million dollars.[1] Fifth, Duzer asserts that because this action relates to another action pending in state court—namely Baez's personal injury lawsuit—"both actions should properly be before the same Court, to wit: New York State Supreme Court, County of Kings." (Affirmation. in Supp. of Notice of Mot. ¶ 5(d).) Duzer does not cite any authority to support this novel theory of supplemental divestiture;[2] and the court is not aware that any exists. Sixth, Duzer argues that the case should be remanded because "all of the insured locations listed in the policy of insurance are within the City and State of New York." (Id. ¶ 5(e).) The issue here is one of subject matter jurisdiction, not choice of law, and so this point is irrelevant. Finally, by way of supplemental affirmation, Duzer argues that U.S. Underwriters' decision to file a third-party complaint against Baez somehow divests the court of jurisdiction. (Supplemental Affirmation in Supp. of Notice of Mot. ¶ 4.) As explained above, the court's jurisdiction depends on the existence of diversity at two specific points in time: when the complaint was filed in state court and when the action was removed to federal court. Subsequent events are irrelevant.

---

[1] Additionally, the general rule regarding § 1332's amount-in-controversy requirement is that jurisdiction will lie unless there is a "legal certainty" that the plaintiff cannot obtain $75,000 or more of value from the lawsuit. See Saint Paul Mercury Indem., 303 U.S. at 288. Here, U.S. Underwriters has alleged on the face of its notice of removal that there is more than $75,000 in controversy. (See Notice of Removal ¶ 6.) Duzer provides no evidence to contrary, let alone shows to a legal certainty that the allegation is untrue.

[2] The court notes that, having failed to submit a memorandum of law in support of its motion, Duzer does not support any of its arguments with legal authority.

4

The court has subject matter jurisdiction over this case. Duzer's motion to remand is accordingly DENIED.

SO ORDERED.

                                                s/Nicholas G. Garaufis

Dated: Brooklyn, New York           NICHOLAS G. GARAUFIS  
       July _6_, 2012                    United States District Judge